## KIMBALL v. LOOMIS.

BILL OF EXCEPTIONS.—*Record.*—*Affidavit.*—*Supreme Court.*—Certain affidavits supporting, and others resisting, an application for relief against a judgment, were, without any order of court making them part of the record, copied by the clerk into the transcript of the cause on appeal to the Supreme Court, but, in the bill of exceptions, they were merely referred to by naming the several affiants, and by leaving blanks therein for their insertion, containing the sign " h. i."

*Held,* that such affidavits form no part of the record.

From the Steuben Circuit Court.

*C. H. Aldrich* and *J. M. Barrett,* for appellant.

*J. D. Ferrall* and *J. S. Drake,* for appellee.

NIBLACK, C. J.—This was a proceeding by the appellant, against the appellee, under section 99 of the code, as amended by the act of 1867, 2 R. S. 1876, p. 82, for relief

from a judgment previously rendered, upon the ground of "mistake, inadvertence, surprise or excusable neglect."

The record shows that, at the September term, 1876, of the court below, the appellee recovered a judgment by default, against the appellant; that, at the next November term of said court, the appellant filed his application, in the form of a complaint, to set aside said judgment, alleging that it was obtained through the "mistake, inadvertence, surprise or excusable neglect" of himself and his attorneys, and claiming that he had a meritorious defence to a portion of the appellee's alleged cause of action, upon which the judgment was rendered.

Affidavits were filed in support of the allegations of the complaint, and counter-affidavits were also filed, in resistance of the relief demanded.

Upon the hearing the court overruled the appellant's application to have the judgment set aside, to which the appellant excepted, and error is assigned here upon that decision.

Several affidavits, some purporting to be in support, and others in resistance, of the appellant's application, are copied into the transcript, as a part of the papers and proceedings in the cause anterior to the order of the court overruling the application.

Following the order overruling the application, a skeleton bill of exceptions is copied into the transcript, with spaces left for the insertion of a number of affidavits, equal in number to those copied into the transcript as above, and referring to the affiants by the same names, and with the letters " h. i.," written in these spaces between brackets, thus: "[h. i.];" but the affidavits thus named, and evidently intended to be inserted, are not copied into, or referred to as previously in, the record by the bill of exceptions, and were not made a part of the record by any order of court.

Under these circumstances the affidavits copied into the transcript, as a part of the papers and proceedings in the cause, cannot be either regarded or treated as in the record. This view of this case, as presented by the imperfect record before us, is fully sustained by the following cases: *Stewart* v. *Rankin*, 39 Ind. 161; *Kesler* v. *Myers*, 41 Ind. 543; *The Aurora Fire. Ins. Co.* v. *Johnson*, 46 Ind. 315.

With the affidavits out of the record, there is nothing before us upon which we can review the proceedings below. The judgment will therefore have to be affirmed.

The judgment is affirmed, at the costs of the appellant.