## MAY v. PAVEY ET AL.

PLEADING.—*Practice.*—*Harmless Error.*—The sustaining of a demurrer to a paragraph of a pleading is harmless, where the matters alleged therein are admissible in evidence under a remaining paragraph.

REPLEVIN.—*Evidence.*—In replevin, evidence of ownership in the defendant may be given under the general denial.

BILL OF EXCEPTIONS.—*Supreme Court.*—*Evidence.*—*Instructions.*—The Supreme Court, on appeal, will not consider the evidence nor the instructions to the jury, unless it affirmatively appear by the bill of exceptions that it contains all the evidence.

From the Bartholomew Circuit Court.

*F. T. Hord,* for appellant.

*R. Hill,* for appellees.

BIDDLE, J.—Complaint in replevin, by the appellees, against the appellant, to recover the possession of a roan horse.

Answer, general denial, and a second and third special paragraphs.

The second paragraph denies the ownership of the horse in the appellees, in an argumentative form, and avers property in the appellant.

The third paragraph avers ownership of the horse in the appellant, and demands judgment for the return of the property and fifty dollars damages.

Trial by jury; verdict and judgment for appellees.

Motion for a new trial overruled; exceptions; appeal.

Separate demurrers were filed to the second and third paragraphs of answer, for the alleged want of facts sufficient to constitute a defence. The demurrer to the second paragraph was overruled; the demurrer to the third was sustained, and exceptions duly reserved.

The appellant is of the opinion that it was an error to sustain the demurrer to the third paragraph of answer, and discusses the question in his brief. We do not very carefully consider the question. There was no fact alleged in the third paragraph that could not have been given in .evidence under the second, and perhaps none that might not have been given under the general denial. The error complained of, therefore, if it was error, after trial upon

the issue of the general denial, and the second paragraph of answer, became harmless, and now affords no ground for the reversal of the judgment. And all the matter set up in the replies could have been given in evidence under the general denial to the second paragraph of the answer. *Conner* v. *Comstock,* 17 Ind. 90.

The parties in their briefs discuss various questions arising upon the admission and rejection of evidence at the trial, and upon the instructions given to the jury by the court; but the record nowhere informs us that all the evidence introduced in the case is in the bill of exceptions; and without this, of course, the questions so carefully examined by the counsel have no basis to stand upon. In reviewing the whole record, as it comes to us, we can discover no available error.

The judgment is affirmed, at the costs of the appellant.