MERRIFIELD ET AL. *v.* WESTON.

INJUNCTION.—*Power of Common Pleas Judge during Vacation of Circuit Court.*—Under section 136 of the practice act, 2 G. & H. 131, the judge of a common pleas court had the power, during the existence of common pleas courts, to grant an injunction on a complaint pending in the circuit court, in vacation.

SAME.—*Complaint on Injunction Bond.*—*Exhibit.*—In an action on an injunction bond, the bond is the foundation of the action, and the complaint need not set out the record in the injunction suit, as an exhibit.

SAME.—Such complaint need not allege the grounds upon which the injunction was granted.

SAME.—*Notice of Terms of Court.*—*Vacation.*—All persons are bound to know the times at which a circuit court may be in session. And, where

Merrifield *et al. v.* Weston.

a complaint on an injunction bond avers the granting of an injunction, by a common pleas judge, in a cause pending in a circuit court, at a time other than the terms fixed by law, it sufficiently appears that the injunction was granted in vacation.

SAME.—*Issue of Writ.*—Where such complaint alleges that the plaintiff was restrained by such injunction, it need not allege the issue and service of a writ of injunction.

SUPREME COURT.—*Record.*—*Bill of Exceptions.*—*Omission of Part of Evidence.*—Where, notwithstanding its declaration that it contains "all the evidence given in the cause," a bill of exceptions affirmatively shows that a material part of the evidence is omitted, the evidence forms no part of the record on appeal to the Supreme Court.

SAME.—*Admission of Evidence.*—*New Trial.*—The Supreme Court can not consider the admission of alleged erroneous evidence, if its admission be not made a ground of a motion for a new trial.

SAME —*Rehearing —Certiorari.*—The Supreme Court will not grant a rehearing to allow a certiorari.

From the Porter Circuit Court.

*D. Turpie, H. D Pierce, S. I. Anthony* and *T. J. Merrifield*, for appellants.

*W. E. Pinney,* for appellee.

BIDDLE, J.—The material facts of the complaint filed by the appellee, against the appellants, are the following :

That Carey B. Johnson and others named, on the 2d day of October, 1871, filed their complaint in the Porter Circuit Court, against the plaintiff, alleging that they were the owners in fee-simple of certain lands, describing them, lying in Porter county, State of Indiana ; that said lands were well timbered, the timber being of great value ; but the plaintiff avers that he was at the same time the owner and in possession of said lands, and has been the own er and in possession thereof ever since ; that the said defendants, after filing their complaint, procured a restraining order to be issued thereon, by the Hon. Hiram A. Gillett, judge of the court of common pleas, by which order this plaintiff was prohibited from cutting and removing, impairing, or in any manner interfering with, the timber or trees being or standing on said land, until the final de-

termination of said suit; that, at the time of issuing said order of injunction, the defendants executed their bond, made an exhibit, in the following words:

"We undertake that the plaintiffs shall pay to the defendant all damages which he may sustain by reason of the injunction in this action.

(Signed,)                                         "CAREY B. JOHNSON,

"T. J. MERRIFIELD,

"YOUNGER FRAME.

".Approved by me, this 7th day of October, 1871.

"H. A. GILLETT,

"Judge 16th C. P. Dist."

Which said bond was signed as above, by said parties, and approved by said judge as above; that the plaintiff appeared in the Porter Circuit Court to said action, and moved the court to dissolve said injunction; that the said defendants appeared to said motion and resisted the same, and procured a continuance of said injunction, all of which will appear by the records of said court; that said injunction remained in full, uninterrupted and continued effect from October 7th, 1871, until October 12th, 1875, at which time the said cause was dismissed,—as will fully appear by the records,—which was the final determination of said suit against this plaintiff; that, at the time of obtaining said injunction, the plaintiff was engaged in cutting timber and wood off of said land, and had rented a saw-mill for one thousand dollars per year, to saw said timber, and had made a large number of contracts for the sale of wood, timber and lumber, which had been, and was to be, cut from said land, by which he would make large profits, to wit, two thousand dollars; that, by reason of the granting of said injunction, he was prevented from using said mill, and from carrying out his said contracts for wood, timber and lumber, to his damage of two thousand dollars; that said land was salable, and could have

Merrifield *et al. v.* Weston.

been sold for fifty dollars per acre, but, by reason of said injunction, he was prevented from selling the same, during which time the land greatly depreciated in value, to wit, twenty-five dollars per acre; that, at the time the injunction was granted, the plaintiff had contracted to and with Gilbert Morgan for the sale of said land, timber and lumber thereon, at the price of four thousand dollars, but, by reason of said injunction, said Morgan refused to carry out said contract, to the plaintiff's great damage; that he was prevented from collecting the purchase-money for said land, to wit, four thousand dollars; that the plaintiff was put to great costs and expense in defending said suit, and was compelled to employ attorneys at great expense and pay them large fees, to wit, two thousand dollars. Wherefore he demands judgment for eight thousand dollars, and for other relief.

A demurrer, alleging as ground that the complaint does not contain facts sufficient to constitute a cause of action, was overruled, and exceptions reserved.

Answer, general denial; trial by court; finding for the appellee, and judgment rendered, over a motion for a new trial and exceptions, upon the finding.

The appellant makes the following points against the sufficiency of the complaint:

1. That it fails to show any authority on the part of the said judge to grant the injunction;

2. It does not show that any petition, complaint, affidavit, or written statement whatever, setting forth any ground or prayer for such injunction, was ever made, or signed, or sworn to, or filed, or in any manner presented to said judge by the plaintiffs in the suit in which said injunction is alleged to have been granted;

3. It does not show that any cause for granting said injunction was shown to said judge in any manner whatsoever;

4. That, inasmuch as said action is alleged to have been pending in the Porter Circuit Court, and said injunction to have been granted therein by a judge of the court of common pleas, it was necessary that the complaint should have shown that the circuit court was not in session at the time of granting said injunction ;

5. The complaint does not show any state of facts that would authorize said judge to act in the premises and issue said writ ;

6. It does not show that any copy of said injunction was ever issued by the plaintiffs in said action, or that any, in fact, ever did issue ; nor does it show that said injunction, or any copy thereof, was ever served upon the appellee.

Neither of these points, as it presents itself to us, seems to be well taken.

1. The courts must judicially know that a judge of the court of common pleas, at that time, could grant an injunction on a complaint pending in the circuit court, in vacation. So was then the law. 2 G. & H. 131, sec. 136 ; *The City of Columbus* v. *The Hydraulic Woollen Mills Co.*, 33 Ind. 435 ; *Jenkins* v. *Parkhill*, 25 Ind. 473.

2. It is not necessary that a complaint on an injunction bond should set out the complaint, or any part of the record, specifically, upon which the injunction, under which the bond was given, was granted. The record is not the foundation of the action, though a necessary part of the evidence to support it. Besides, the complaint does allege that a complaint was filed in the Porter Circuit Court, averring certain facts, upon which the injunction was granted. Nor is it necessary to make the complete record, nor indeed any part of it, an exhibit, as the bond, and not the record, is the foundation of the action. *Trueblood* v. *Hollingsworth*, 48 Ind. 537 ; *Winship* v. *Clendenning*, 24 Ind. 439 ; *Sipe* v. *Holliday*, 62 Ind. 4. See, also, *Boden* v. *Dill*, 58 Ind. 273.

3. In a complaint on an injunction bond, it is not necessary to show the ground upon which the injunction was granted. When it is averred that a suit was pending in the proper court, the injunction granted, and the bond given, it will be presumed that the proceedings and judgment are sufficient and regular, until the contrary is shown on the part of the defence. *Snyder* v. *Snyder*, 25 Ind. 399.

4. All persons must take notice, and the courts must know, when the circuit courts of this State may hold their regular sessions. It is matter of public law, and need not be averred. When it is alleged in the complaint that the judge of the court of common pleas in Porter county granted an injunction, on the 7th day of October, 1871, in a case pending in the Porter Circuit Court, all the world must know, by the law fixing the times of holding the Porter Circuit Court, that it was not in session at that time.

5. The complaint shows that a suit for an injunction was pending in the Porter Circuit Court, a court of competent jurisdiction. The law informs us that the judge of the court of common pleas had the power to grant the injunction. It is then averred that he did grant it, and that the bond sued upon was given in pursuance of the injunction. This is sufficient. It is not necessary to show in the complaint, that the complaint upon which the injunction was granted was sufficient to authorize it, nor to show that the proceedings were regular. See the authorities cited, *supra*.

6. It was not necessary to specifically aver that a writ of injunction was issued and served upon the plaintiff; the averments, that by the restraining order the plaintiff was prohibited from cutting or removing timber from lands which he alleged to be his own, and that the injunction continued in full and uninterrupted effect for the given period of time stated in the complaint, are sufficient.

See the same authorities. The complaint, in our judgment, is sufficient.

The questions of the insufficiency of the evidence to sustain the finding, and the excessive amount of damages assessed, are also discussed by the appellants; but we do not see that either of these questions is presented by the record. We find a bill of exceptions in the transcript, which concludes with the following sentence : "And this was all the evidence given in the case;" but we also find the following statement in the bill of exceptions, immediately after the introduction of the injunction bond, which is the foundation of the action :  " The plaintiff then introduced the order of injunction issued on the 7th day of October, 1871, in said case of Carey B. Johnson and others, against Francis Weston, and all the papers and records of, and the order of dismissal in, said case of *Johnson et al.* v. *Weston* (here insert) ;" but, except the restraining order granted by Judge Gillett, none of these papers nor records, nor the order of dismissal, can be found in the bill of exceptions.   It is plain, therefore, that all the evidence given in the case is not in the bill of exceptions; and, the bill not containing all, it is the same, as to the questions under discussion, as if it contained none.   The finding · and amount of damages, therefore, must be presumed to be right, and, for any thing that we can decide, must stand as they are.   *Blizzard* v. *Bross*, 56 Ind. 74; *Gale* v. *Parks*, 58 Ind. 117 ; *Kimball* v. *Loomis*, 62 Ind. 202; *May* v. *Pavey*, 63 Ind. 4.

The judgment is affirmed, at the costs of the appellants.

### On petition for a rehearing.

Biddle, J.—In their petition for a rehearing, the appellants desire us to decide the question of the admissibility of a foreign will as evidence, before it had been admitted to probate in some court of competent jurisdiction in this

State, and made matter of record. In the motion for a new trial, the admission of the will as evidence was not made a cause for a new trial; the question, therefore, which counsel desire us to decide, is not presented by the record.

From a defect in the transcript of the record, we were unable to reach the merits of the questions presented by the motion for a new trial. For this reason the appellants urge us to grant them a rehearing, that they may obtain a writ of *certiorari*, and have the transcript perfected, and they file an affidavit as ground for a *certiorari*, and also an affidavit excusing their delay in not applying for the writ before the case was decided. The affiant, the principal attorney for the appellants in the case, states: " That from an examination of the record in this case, in August last, he, for the first time, came to the conclusion that a writ of *certiorari* was necessary to complete the record in this case, and determined to apply for said writ at the next November term of this court; that he attended said term of this court for that purpose, but a press of business, and the missing of a train of cars, prevented him from reaching this court until after the call of the docket had been commenced on Wednesday morning of the first week of said term ; that he then believed said court would be in session upon the following (Thursday) morning, and that there would then be an opportunity to make the motion for said writ; that, in the afternoon of said Wednesday, the affiant visited the library of the Supreme Court, for the purpose of preparing the papers necessary for the application of said writ, and there learned to his surprise that said court had adjourned immediately or soon after the call of the docket had been finished, and that the judges had left for their several homes, which information the affiant believed and relied upon'; that an urgent press of business in the circuit courts of this State, in

Merrifield *et al. v.* Weston.

which affiant practises, required him to leave the city of Indianapolis before the judges of this court returned, and such business, together with the belief, as hereinafter stated, that an application for said writ at the May term, 1880, of this court would be in time, prevented affiant from returning to this court to apply for said writ at said November term ; that from affiant's knowledge of the length of time cases are usually pending in this court, and from his information as to the state of the docket of this court at the then November term, affiant confidently believed that this case would not be decided before next Summer or Fall, and that an application for the writ at the May term, 1880, would be in time. Affiant further states that since his return from this court in November last, he has been continually engaged in attending the sessions of the circuit courts in which he practises, and that he has had no time to make this application until now."

The transcript in this case was filed in this court January 19th, 1878 ; the appellants' brief was filed March 12th, 1878 ; the cause was submitted May 29th, 1878 ; and the case decided December 11th, 1879. It will thus be seen that the appellants had almost two years to perfect the transcript of the record, after it was filed in this court, and before the case was decided. The affidavit shows that counsel for appellants had actual knowledge of the defect in the transcript, in August before the case was decided—a period of four months. After this knowledge, it was not necessary to wait until the November term ensuing to apply for a writ of *certiorari*. A motion for the writ could have been made in this court, upon any week day in the year, by filing it in writing with the clerk, and, if so made, would have been acted upon at once, if the judges were at the capitol ; if not, immediately after their return ; and the presence of the counsel at the time would not have b necessary. This has long been the settled practice.

We can not hold the diligence shown as sufficient to excuse the appellants for the delay. It was their duty to see that the transcript was properly made out before it was filed in this court, and especially their duty to have it corrected at once, when the fact of its defect was actually brought to their knowledge. And we believe there is no instance where this court ever granted a rehearing for the purpose of correcting a transcript, and the practice is settled that we can not grant a rehearing for that purpose. The appellee is not responsible for the delay of the appellant, and should not be made to suffer therefrom. This question was fully examined in the case of *The State, ex rel.,* v. *The Terre Haute and Indianapolis R. R. Co.,* 64 Ind. 297, wherein the importance of the case, the large amount involved, and the public interests concerned pressed heavily upon us; yet it was not thought proper to depart from a practice so long and well settled. A contrary or an uncertain practice, in such cases, would beget delays and unnecessary controversies, which would greatly embarrass the administration of justice. That we can not reach the merits of a case is always a matter of regret to us, but a rule of practice becomes the fence of justice, and we can not break it down without unsettling the security of legal rights. Such rules are as indispensable to the administration of law as land-marks are to establish the boundaries of land. Indeed, they are part of the law itself; they must not be disturbed.

The petition for a rehearing is overruled.