Powers *v* Evans *et al.*

No. 6590.

POWERS *v.* EVANS ET AL.

SUPREME COURT.—*Bill of Exceptions.—Omission of Part of Evidence.*—Where a bill of exceptions affirmatively shows that there was other material evidence given on the trial of the cause not contained therein, the evidence in such bill will not be considered by the Supreme Court, although it contains the phrase " this was all the evidence given in the case."

From the Allen Circuit Court.

*W. M. Crane,* for appellant.

*W. H. Coombs, J. Morris* and *R. C. Bell,* for appellees.

ELLIOTT, J.—The questions discussed by appellant's counsel all arise upon the evidence, and the appellees vigorously object to a consideration of them by us, because the evidence is not all in the record. The point thus directly made and urgently pressed we are compelled to decide.

The bill of exceptions contains the usual recital, that "this was all the evidence given in the cause," but there are various statements in the bill which show this recital to be incorrect. At one point in the bill, two bonds are shown to have been read in evidence, and but one of them is set forth; at another, a receipt is shown to have been introduced, but it is not in the record; and, at still another, a writ is shown to have gone in evidence, but no such writ appears in the bill. There is, in another part of the bill, this statement of one of the witnesses, viz. : " The check I received from the sheriff is the same check Powers got from me; it is in these words." The recitals of the bill terminate with the words last quoted, and neither immediately following nor at any place in the bill do the contents of the check appear. These instances of omitted evidence, which affirmatively appear to have been given to the jury, show very fully that the clause " and this was all the evidence given in the cause " is not correct.

The question here presented has been several times decided. In a very recent case the court said: " It is plain,

therefore, that all the evidence given in the case is not in the bill of exceptions, and, the bill not containing all, it is the same, as to the questions under discussion, as if it contained none." *Merrifield* v. *Weston*, 68 Ind. 70. *Montgomery* v. *Hamilton*, 43 Ind. 451; *May* v. *Pavey*, 63 Ind. 4; *Kimball* v. *Loomis*, 62 Ind. 201. Under the rule settled by these and other cases, we must hold that we cannot examine any of the questions discussed.

Judgment affirmed.