Clay *v.* Clark *et al.*

---

No. 7641.

CLAY *v.* CLARK ET AL.

BILL OF EXCEPTIONS.—*Evidence.—Practice.—Supreme Court.*—A bill of exceptions, to present any question to the Supreme Court, upon the competency of evidence admitted, must show that objections were made to its introduction, and also show the grounds of the objections.

VOL. 76.—11

SAME.—*Certificate of Judge.*—A certificate of the trial judge, that the foregoing is "a true, full and complete exhibit of all the evidence given in the said cause," is not a sufficient authentication of what purported to be a bill of exceptions.

SAME.—*Record.*—Where the record shows that the evidence is not all in the bill of exceptions, it is insufficient to present any question upon the sufficiency of the evidence to sustain the verdict, notwithstanding the general recital in the bill to the contrary.

SAME.—*Written Instrument.*—In order that written instruments shall constitute a part of the bill of exceptions, they must either be copied into it at full length before it is signed by the judge, or appropriately referred to, and the proper place for insertion designated by the words "here insert."

From the Lake Circuit Court.

*M. Wood, T. J. Wood* and *T. Cleveland,* for appellant.
*T. S. Fancher,* for appellees.

ELLIOTT, J.—The appellant presents two general reasons in support of her prayer for a reversal. The first of these is, that the court admitted incompetent evidence over her objection; the second, that the verdict is contrary to the evidence.

There is nothing properly in the record showing that objections were made, or exceptions reserved, to the admission of incompetent evidence. There is, in fact, no properly authenticated bill of exceptions in the record. The judge who tried the case does not sign a bill of exceptions, but simply certifies that certain evidence is correctly exhibited. The attestation is in these words: "I certify the foregoing to be a true, full and complete exhibit of all the evidence given in the said cause." This is far from a general authentication of what purports to be a bill of exceptions, and is not a certificate that objections were made and exceptions reserved to the introduction of evidence. It would do violence to the language used, to so stretch it as to make it extend to objections interposed by the parties during the progress of the trial. It is necessary that the bill should

show that objections were made to the introduction of the evidence, and show also what the grounds of objection were. *The City of Delphi* v. *Lowery*, 74 Ind. 520 ; *Russell* v. *Branham*, 8 Blackf. 277. The certificate of the judge does not purport to attest the correctness of the statement that objections were made and the grounds thereof stated ; upon the contrary, the plain import of the language used is, that the judge intended to do no more than certify that the paper correctly exhibited the evidence. There is nothing in the language of the certificate signed by the judge indicating any purpose to attest a bill of exceptions. The utmost that can be said is, that it does declare that the evidence is correctly and fully stated. The conclusion must be that there is no general bill of exceptions in the record ; certainly none exhibiting objections and exceptions to evidence.

The paper purporting to be a bill of exceptions professes to contain all the evidence, but the record very clearly shows that the general statement is not correct. The evidence is not all properly in the bill. Where the record shows that the evidence is not all in the bill, it will not be sufficient to present the question that the verdict is not sustained by the evidence, notwithstanding the general recital to the contrary. *Millikan* v. *The State*, 70 Ind. 310 ; *Powers* v. *Evans*, 72 Ind. 23.

A great number of written instruments are shown to have been read in evidence. These are not properly incorporated into the bill, but are copied into the record on pages following that containing the judge's certificate and signature. These instruments can not be deemed part of the bill, for the reason that they are not incorporated in the manner required by law. In order that written instruments shall constitute a part of the bill of exceptions, they must either be copied into it at full length, before it is signed by the judge, or appropriately referred to, and the proper place for insertion designated by the words ''here insert.'' *Irwin* v. *Smith*,

---

72 Ind. 482 ; *vide* authorities cited, p. 488. The instruments referred to were not copied into the bill, nor were they referred to and the place of insertion designated as the code requires.

The record does not present the question of the sufficiency of the evidence to sustain the verdict.

Judgment affirmed, at costs of the appellant.

Petition for a rehearing overruled.