Filed June 23, 1885.

———————

No. 11,901.

STOUT v. TURNER ET AL.

SUPREME COURT.—*Assignment of Error Attacking Complaint.—Practice.*— An assignment of error in the Supreme Court, that the complaint does not state sufficient facts to constitute a cause of action, questions the entire complaint, and if any paragraph is sufficient such assignment can not be sustained.

SAME.—*Sufficiency of Evidence.*—When all the evidence is not in the record the Supreme Court can not pass upon its sufficiency.

SAME.—*Practice.—Bill of Exceptions.—Omitted Evidence.*—A general statement in a bill of exceptions that it contains all the evidence is controlled by an affirmative showing to the contrary.

INSTRUCTIONS TO JURY.—In the absence of the evidence, instructions refused will be deemed properly refused because not applicable to the case made; nor will instructions given work a reversal of the judgment unless erroneous under any supposable state of facts.

SAME.—*Compromise of Crime.*—A complaint to cancel a note alleged to have been executed at the demand of and taken and received by the defendant "in full satisfaction and compromise of the crime of larceny,

robbery and embezzlement," with which said defendant charged the maker, etc., tenders an issue to which is applicable an instruction that if the defendant took the note under an agreement, express or implied, that he would not prosecute the maker for such crime, and without any other consideration, the jury should find for the plaintiff.

From the Vigo Circuit Court.

C. F. McNutt, J. G. McNutt and B. E. Rhoads, for appellant. S. C. Davis, S. B. Davis, I. N. Pierce and T. W. Harper, for appellees.

BEST, C.—The appellees brought this action against the appellant to procure the cancellation of a note of $400 made by them to him.

The complaint consisted of two paragraphs. The first alleged that the note was executed without any consideration. The second alleged, in substance, that the note was executed under duress, and in compromise of a threatened criminal prosecution.

An answer in denial and a counter-claim, seeking to recover the amount of the note, were filed. An answer in denial of the counter-claim completed the issues. These were submitted to a jury, and a verdict was returned for the appellees. A motion for a new trial was overruled, and judgment was rendered upon the verdict. The appellant assigns as error that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling the motion for a new trial.

The appellant's argument in support of the first assignment is directed exclusively against the second paragraph of the complaint. A single paragraph can not thus be attacked. Such an assignment questions the entire complaint, and if any paragraph is sufficient such an assignment can not be sustained. McCallister v. Mount, 73 Ind. 559.

The first paragraph of this complaint was unquestionably good, and, therefore, this assignment can not be sustained.

The motion for a new trial embraced several causes. Those relied upon by the appellant for a reversal are, that the ver-

dict is not sustained by the evidence, and that the court erred in giving and in refusing to give numerous instructions.

The appellees insist that the evidence is not in the record, and in its absence neither ground of the motion for a new trial presents any question. An examination of the record leads us to the conclusion that all of the evidence, at least, is not in the record, and, therefore, we can not consider its sufficiency or the instructions given and refused, as though the record contained the evidence.

The second paragraph of the complaint avers that John S. Turner is principal in the note sought to be cancelled, and when he executed it he endorsed to the appellant four other notes to be held by him as collateral security until he, Turner, obtained some one to sign the note in dispute as surety. In support of this averment these notes were read in evidence, as appears from the bill of exceptions. It recites that the "plaintiff offered and read in evidence the four notes turned over to J. W. Stout by John S. Turner, and the assignments thereon, which are in words and figures as follows, to wit." Then follows a blank page where these notes should have been copied, but they are not in the record. It thus affirmatively appears that the record does not contain all the evidence, notwithstanding the general statement to the contrary with which the bill of exceptions concludes. *Merrifield* v. *Weston,* 68 Ind. 70; *Powers* v. *Evans,* 72 Ind. 23.

In this condition of the evidence we can not pass upon the sufficiency of the evidence. *Huston* v. *McCloskey,* 76 Ind. 38.

In the absence of the evidence, instructions refused will be deemed properly refused because not applicable to the case made by the evidence. *Blizzard* v. *Bross,* 56 Ind. 74; *Shafer* v. *Stinson,* 76 Ind. 374. Nor will instructions given, in the absence of the evidence, work a reversal of the judgment unless erroneous under any supposable state of facts. *Byram* v. *Galbraith,* 75 Ind. 134; *Northwestern Mut. Life Ins. Co.* v. *Heimann,* 93 Ind. 24.

It is not insisted that any of the instructions given, except

the eleventh, is within this rule, and an examination of them leads us to the conclusion that none of them are erroneous upon any and every supposable state of the evidence.

The eleventh instruction informed the jury that if the appellant took the note from Turner under an agreement, express or implied, that he, the defendant, would not prosecute Turner for the crime of robbery, larceny or embezzlement, and without any other consideration, they should find for the Turners.

The appellant does not insist that such fact would not vitiate the note, but it is insisted that such defence was not within the issues. We think otherwise. The second paragraph of the complaint, after averring the plaintiff John S. Turner's imprisonment by the defendant, thus proceeds: "That said defendant then demanded of said John the payment of $1,000, and informed him, said John, that he could not get out of said cellar until he would pay or secure to defendant said sum, which defendant said he would receive and accept in full satisfaction and compromise of said robbery and crime; that said John then and there denied the commission of any robbery or crime, or that he ever took one cent of defendant's money; but being pressed and threatened as aforesaid, and being put in great fear of bodily harm by the defendant as aforesaid, said John did then and there assign to said defendant $400 in value of good and solvent notes on third persons until he could get some one to go on his note as security for the said sum of $400, which said defendant then and there agreed to take and receive in full satisfaction and compensation of the crime of larceny, robbery and embezzlement, with which defendant charged said John; that thereupon said John executed said note," etc.

These averments were sufficiently comprehensible to admit proof that such vicious agreement was the sole consideration of said note. If so, the instruction was proper. This disposes of all the questions in the record. We will add that we have examined the evidence, which is in the

record, and are entirely satisfied with the conclusion reached. For the reasons given, we think that no error appears in the record, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed Jan. 9, 1885; petition for a rehearing overruled Sept. 22, 1885.