Filed May 19, 1885.

---

No. 11,958.

## SHIELDS *v.* McMAHAN ET AL.

DRAINAGE.—*Petition and Verification.—Motion to Dismiss.—Error.*—Where the petition for drainage and the verification thereof substantially follow the forms given in section 4284, R. S. 1881, there is no error in over-

ruling a motion to dismiss the petition and proceedings for want of formality in the verification.

PRACTICE.—*Motions and Affidavits.*—*Bill of Exceptions.*—*Record.*—*Appeal.*— On appeal to the Supreme Court, motions and affidavits constitute no part of the record, unless they are made so either by a bill of exceptions or by an order of the trial court; and where it is attempted to make motions or affidavits a part of the record by bill of exceptions, they must be set out at length in such bill or be referred to therein as properly appearing elsewhere in the record.

From the Fulton Circuit Court.

*D. Turpie, I. Conner* and — *Rickel,* for appellant.

*J. Rowley,* for appellees.

HOWK, J.—On the 29th day of January, 1884, the appellees, McMahan and McIntire, filed in the clerk's office of the court below their petition in writing for the location and construction of a certain ditch in Fulton county. Afterwards, on the 25th day of February, 1884, the appellees appeared in open court and made proof of the posting of notices of the filing of such petition; and the proceedings appearing to be regular and in proper form, such petition was then docketed as a cause pending in such court. Thereafter, on the 29th day of February, 1884, it appearing that no demurrer to or remonstrance against such petition had been filed, and no objections made thereto, the petition was then referred to the drainage commissioners of Fulton county, who were ordered to meet at a time and place designated to view and make a survey of the proposed ditch, and make report to the court on the first day of its next term. Afterwards, on the 28th day of April, 1884, being the first judicial day of the April term of the court, the drainage commissioners made their written report to the court, wherein they stated, among other things, that the proposed drainage would improve the public health of the neighborhood, would benefit seven highways, would be of public utility in the county, and could be accomplished at an expense less than the aggregate benefits to the lands to be affected thereby. And it appearing from the report of the

drainage commissioners that lands were included therein which were not described in appellees' original petition, the court ordered that the appellees give notice to such parties as the law in such cases directs, and the hearing of such report was fixed for May 9th, 1884.

On that day the appellees made proof of notice of the additional assessments; and then, for the first time, the appellant Shields, a party assessed with benefits, appeared and filed his written remonstrance against the proposed ditch. On May 13th, 1884, and before any action was had on his remonstrance, the appellant filed a written motion to dismiss the petition and proceedings in this cause. This motion the court overruled, and the appellant excepted, and such ruling is the first error assigned by him in this court.

It is claimed in argument that the motion to dismiss ought to have been sustained, because it is said that the petition was not verified in such manner as to give the court below jurisdiction of the subject-matter of the petition. In section 4274, R. S. 1881, it is provided that " such petition shall be verified by the affidavit of some petitioner or owner of real estate in the vicinity of the lands." In section 4284, R. S. 1881, certain forms are given which " may be used, and shall be sufficient in all cases where they are applicable." In this case the petition and its verification substantially follow the form of a petition and the verification thereof, given in such section 4284, and, therefore, they are sufficient. Besides, the appellant's motion is not in the record, although a bill of exceptions was signed and filed apparently for the purpose of making such motion a part of the record. But the motion to dismiss is not copied into the bill of exceptions, nor is it referred to therein as appearing elsewhere in the transcript, and, therefore, such motion is not in the record. *Kesler* v. *Myers,* 41 Ind. 543; *Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315; *Kimball* v. *Loomis,* 62 Ind. 201.

We are of opinion, therefore, that the first error of which

appellant complains in the case at bar is not properly saved in the record before us, but that, if it were so saved, the petition and its verification substantially comply with the statutory forms, and are sufficient. The motion to dismiss was correctly overruled.

Afterwards, on May 15th, 1884, the appellee McMahan filed his affidavit in support of his motion, previously made, for leave to sign his name in the proper place to his affidavit, verifying the petition. Thereupon the court sustained such motion, and gave the appellee McMahan leave to sign his name to such affidavit, which was done accordingly, to all of which the appellant at the time excepted. This action and ruling of the court the appellant has assigned here as his second error.

This error, also, is not so saved in nor presented by the record of this cause as that it can be considered by this court; for, although a bill of exceptions was signed and filed apparently for the purpose of making the action of the court complained of as error a part of the record, yet the affidavit, upon which the motion was sustained and the leave of court granted, is not copied into such bill, nor referred to therein as appearing elsewhere in the record. Under the established practice of this court, the affidavit is not in the record, and, in its absence, the second error complained of presents no question for our decision. *Kimball* v. *Loomis, supra; Fryberger* v. *Perkins,* 66 Ind. 19 ; *Williams* v. *Potter,* 72 Ind. 354; *Harrison School Tp.* v. *McGregor,* 96 Ind. 185.

On the 15th day of May, 1884, the record of the cause, after showing the presence of the appellant in court, excepting to its rulings and filing bills of exceptions, then proceeds as follows: "And now said matter is submitted to the court and proof heard, and the court declares said proposed ditch established according to the report of the commissioners, and said assessments in said report are approved and confirmed, * * * and the construction of said ditch is referred

to Isaac Busenberg, one of the drainage commissioners of Fulton county." This seems to have been the final order and judgment of the court in this cause, and the appellant neither objected nor excepted thereto, nor did he move the court for a new trial.

On the 2d day of September, 1884, the appellant appeared and filed his motion to set aside the confirmation of the report of the drainage commissioners, theretofore entered. This motion was overruled, and the appellant excepted, and filed a bill of exceptions. This ruling of the court is assigned by appellant as his third and last error.

This motion seems to have been *ex parte;* at least the record fails to show any appearance by the appellees, or any notice to them of the motion. It does not appear to have been supported by any affidavit. The motion is not copied into the bill of exceptions, nor is it referred to therein as elsewhere appearing in the record. Therefore, the motion is not a part of the record. *Kimball* v. *Loomis, supra.* It may be that the court erred in overruling this motion, but, if it did, the record fails to show such error. In such a case, it is settled by many decisions that this court will presume, in favor of the decision below, that no error was committed. *Myers* v. *Murphy,* 60 Ind. 282; *Foster* v. *Ward,* 75 Ind. 594; *Peck* v. *Board, etc.,* 87 Ind. 221.

There is no error, shown by the record before us, which authorizes the reversal of the judgment below.

The judgment is affirmed, with costs.

Filed May 2, 1885.