## CHARLES P. BROWN *versus* GEORGE B. LEAVITT.

When a demand, not negotiable, has been assigned for value, with notice, such demand is embraced within the terms of a submission of " all matters, claims and demands, either at law or equity" by the assignee and alleged promisee ; and the arbitrator, or referee, has authority to allow to the promisee all payments made upon the claim, and every thing in the way of set-off, as if between the original parties, which existed previous to the assignment and notice thereof.

Where a demand has been submitted by bonds, under the hands and seals of the parties, to an arbitrator, it is not competent for the party against whom the award is made, in an action upon the bond, to show by testimony what the evidence before the arbitrator was, touching the merits of the respective claims, or how he regarded it.

It is a general rule, that any party may revoke his submission to an arbitrator before award made, giving notice thereof to the arbitrator. But if the submission be by deed, the revocation can be by deed only. And if such revocation be made, the party thereby forfeits his bond, given to abide the award.

If the arbitrator be a relative of one of the parties, and that fact is unknown at the time to the other, and objection is made on that account, when known, and the objection is disregarded, his award is not binding ; but if the party, with knowledge of the fact, proceeds to a hearing, and interposes no objection for that cause, such objection cannot avail him afterwards.

When the parties agree to submit their mutual claims to the arbitration of a person named, " whose decision, made within one month after he has notified the parties, and heard them, to be final and binding upon the parties," without any mention of an *ex parte* hearing, and the parties are notified and meet, and a partial hearing takes place when both parties are present, and the hearing is adjourned until another day, when one of them does not attend, and a further hearing takes place ; it is not a valid objection to the award, that the final hearing was *ex parte*.

DEBT on a bond from the defendant to the plaintiff, dated April 8, 1843. Mutual bonds were given. The condition of that declared upon was as follows : —

" The condition of this obligation is such, that whereas the said Leavitt and Brown had this day agreed to submit and refer all matters, claims and demands either at law or equity, which the one has upon the other up to the date hereof, to the arbitration of F. A. Butman, Esq. of Dixmont, whose decision, made within one month after he has notified the parties and heard them, to be final and binding upon the parties.

" Now if the said Leavitt shall do and perform all and singular the things, pay all sum and sums of money that said Butman as referee in said case shall order to be paid by said Leavitt, and in all things stand to and abide by said Butman's decision, then this obligation shall be void, otherwise to be and remain in full force and virtue."

The award of the referee set out particularly his notices to the parties and their proceedings before him, the substance of which is given in the opinion of the Court, and concluded by awarding, that a sum of money should be paid by the defendant to the plaintiff, with costs of reference.

No claim was presented by the plaintiff against the defendant but that assigned to him by Miles, and the defendant set up none against the plaintiff, unless as originally against Miles.

The defendant pleaded the general issue—and by brief statement, that before the supposed award was made, " the defendant revoked all authority in the referee, of which said plaintiff had due notice," and also, that " no award has been made in the premises."

The case was argued in writing, with much fullness, by —

C. P. Brown, pro se, and by —

J. Appleton, for the defendant.

Among the positions taken by the plaintiff, and authorities cited under them, were the following : —

The submission in this case was by deed, and it can be revoked only by deed.   Caldwell on Arb. 31 ; 8 Johns. R. 125 ; 1 Cowen, 335 ; Phill. Ev. 498.

A party to a reference may revoke, but it must be by equally high authority ; and if he do so revoke, the penalty of the bond is forfeited.   16 Johns. R. 205; 1 Conn. R. 498; 2 Tyler, 328; 3 Day, 118; Cald. 205.

Upon the issue of " no award," the plaintiff has only to prove the making of the award within the time, and give the award in evidence.   The defendant cannot, on the trial of such issue, go into any legal objections to the award.   Cald. 209.

Brown *v.* Leavitt.

Where the submission and award are in writing, parol evidence is inadmissible to explain them. 18 Maine R. 251; Kyd on Awards, 143; Phillips' Evi. 496; 3 Johns. R. 367; 9 Johns. R. 98; 2 Wend. 567; 3 Johns. 368; 10 Johns. R. 147; 9 Johns. R. 38; 13 Maine R. 41; 23 Maine R. 435.

Where an award is within the submission, even a Court of Chancery will not set it aside, except for partiality or corruption in the arbitrator, or fraud or misbehavior of the party. 13 Maine R. 41; 1 Con. R. 569; 7 Con. R. 542; 10 Johns. R. 143; Cald. 64 and 65.

All presumptions of law are to be taken favorably for the support of an award. 10 Pick. 348; 3 Johns. R. 369; 17 Maine R. 52; 1 Peters, 222; 13 Maine R. 41; 13 Johns. R. 27.

The referee was fully authorized to proceed on the third day of meeting in the absence of the defendant. Cald. 45 & 86; 11 Johns. R. 402; 1 Chitty's Dig. 77.

Under a submission in which costs are not mentioned, the arbitrator may award costs. 14 Johns. R. 161; 2 Cowen, 639; 2 Conn. R. 691; 22 Wend. 128.

But should the costs be rejected, the rest of the award stands good. 23 Maine R. 259; 13 Johns. R. 264; 2 Cowen, 649; 6 Greenl. 427.

The award of a certain sum is sufficiently final. 7 Metc. 316.

*J. Appleton,* for the defendant, made these points and argued in support of them.

1. The claim, *Miles* v. *Leavitt,* is embraced in the submission and covered by the bonds between Miles and Leavitt, and the hearing and award should have been on that submission. The award, then, is of a matter not submitted in the submission between Brown and Leavitt, and not being within the terms of the submission, is void. 3 Hill, 88.

2. The referee had no authority to proceed, because the submission was revoked. 14 Maine R. 185; Kyd on Awards, 29; Caldwell on Arbitration, 31; 4 Peters, 83; 6 Peters,

598; 1 Greenl. Ev. § 27; 3 N. & M. 603; 1 Ado. & Ellis, 792.

3. The referee, being related to the plaintiff, was disqualified to act. 10 Pick. 275; Rev. St. c. 1, § 22.

4. The hearing was *ex parte*, and an award upon an *ex parte* hearing is not within the terms of the bond, given to the plaintiff, and therefore void. 11 Johns. R. 133; 6 Johns. R. 14; 6 Greenl. 247.

The opinion of the Court was prepared by

TENNEY J.—Previous to April 8, 1843, Dudley R. Miles having a demand against the defendant, assigned the same to the plaintiff; and the defendant was informed of the transfer. He had a counter claim against Miles, which he contends he was entitled to treat as a discharge of his own indebtedness, or to file in set-off thereto. On that day, the parties to this suit, by mutual bonds under their respective hands and seals, submitted all matters, claims and demands in law and equity, which one had against the other, to the decision of Frederick A. Butman, who was the uncle of the plaintiff's wife; and by the same bonds bound themselves to abide the award, which should be made by the referee in one month after notice and a hearing. At the same time, Miles and the defendant submitted to the same referee, the claims which one had against the other, and which had accrued since Dec. 5, 1837, the decision to be made upon legal principles. This submission was made by mutual bonds between the parties thereto. Miles was then in bankruptcy, but there was evidence in the case, that he agreed to waive any rights, which he might have thereby.

The referee having notified the parties met them; an adjournment took place at the request of the defendant, to enable him to procure counsel. At the next meeting, the defendant appeared with counsel, and offered to proceed, if the defendant could be allowed to testify as a witness in his own behalf, but made no other objection to the hearing. The trial proceeded, though the defendant introduced no witnesses. A farther adjournment took place, that Miles, who was then ab-

sent, might be present; and a final hearing, after due notice to the parties, was had on Dec. 27, 1843. And on the same day the referee made his award in favor of the plaintiff, which was duly published, and after demand of the sum awarded, and a refusal by the defendant, this action was brought upon the bond given by the defendant to the plaintiff. On the evening before the final hearing, the defendant informed the referee verbally, that he should not be present, and requested him to have nothing farther to do with the case. The bonds between Miles and the defendant were put into the referee's hands at the same time that he received the bonds between the parties to this suit, and he gave notice of a hearing upon both submissions. No objection was ever made to the referee on account of his relationship with the plaintiff. At the final hearing, the defendant was not present, but attended the previous meetings. On Dec. 21, 1843, the defendant addressed to the plaintiff a writing in the following terms: "This is to give notice, that I decline going into a hearing before Frederick A. Butman, Esq. to whom, as you allege, I have agreed to submit matters in controversy between you and me subsisting. And I object to said Butman's sitting as a referee, in or about the same, and notify you, that I shall resist and object to any award, that he shall make in and about the premises." Signed "George B. Leavitt."

One ground of defence to the action is, that the hearing and award should have been made under the submission between Miles and the defendant; inasmuch as the plaintiff's whole claim was that assigned to him by Miles. We understand the claim, which was transferred to the plaintiff by Miles, was not negotiable; consequently in a suit at law for its recovery the action must have been in the name of the promisee. But the submission being of all claims in equity as well as at law, it was competent for the referee, on being satisfied that the assignment was *bona fide*, to award to the plaintiff such sum as should be due to him, on a fair adjustment, including the amount of the demand transferred.

The plaintiff was not a party to the submission between

Miles and the defendant, and could have no control over it, or be in any manner bound by it. But when Miles made the assignment to the plaintiff, the latter succeeded only to the rights of the former, and the subsisting equities both of Miles and the defendant remained unaffected by the transfer; and the claims of the defendant, which could have been allowed in set-off or as payments, if the assignment had not been made, would not legally or equitably be excluded under the submission. All the matters, claims and demands were submitted to the referee, and he was authorized to allow to the defendant all payments made upon the plaintiff's claim, and every thing in the way of set-off, which existed previous to the assignment and notice thereof to the defendant. What the evidence before the referee was, or how he regarded it, was not competent for the parties to show in this action.

Another objection to the maintenance of this action is, that the submission was revoked before the final hearing and making of the award. It is a general rule, that any party or any one of a party may revoke his submission before award made, giving notice thereof to the arbitrators. But then he forfeits his obligation, he has given to abide the award. 1 Dane's Abr. 277, c. 13, art. 14, § 15; Vynior's case, 8 Co. 162, 3d Resolution; *Milne & al.* v. *Gratrix*, 7 East, 608; *Warburton* v. *Storr*, 4 B. & C. 103; *King* v. *Joseph*, 5 Taunt. 452. But if the submission be by deed, the revocation can be by deed only. Caldwell on Arbitration, 35. The mutual bonds between the parties were put into the hands of the referee, and were the only evidence of a submission. A revocation could not be made, excepting by a writing under seal. The verbal request made by the defendant of the referee to have nothing further to do with the case is not indicative of a design to revoke the submission, and was entirely ineffectual. The writing of the 21st of Dec. 1843, was equally inoperative, as it was not under seal, and it does not appear that the referee ever had knowledge of it.

Another objection is, the family connection between the referee and the plaintiff. If the submission was made, the

defendant being ignorant of this fact, and when known objection was interposed for that reason, and disregarded, it ought to prevail in this suit.   But in the absence of all proof that he had no knowledge of this connection, and with the evidence, that all objections to proceedings were upon other grounds, this defence cannot avail.

Again, it is insisted, that the hearing was *exparte* and an award upon such a hearing is not within the terms of the bond. The case shows that the referee met the parties several times, at one time by their agreement, and at others by his appointment.   A partial hearing at least took place before the final meeting, at which the defendant was not present, but he was duly notified, and had the fullest opportunity of attending and being heard.   It is a well established rule of law, that if a party covenants to do a certain thing, and afterwards by his own act, disables himself from doing it, or declines doing it, when he was able, it is a breach of the covenant.   *Warburton* v. *Storr,* 4 B. & C. 103.   To give effect to this objection, would be tantamount to a revocation of a submission, which the law has not contemplated could be so done.

There is nothing in the case, tending to show that the defendant did not enter into the submission with a full knowledge of his rights; or that the plaintiff practiced any imposition upon him ; neither is there evidence impeaching in any degree the conduct of the referee.

> *Judgment to be entered for the penalty of the bond, and execution to issue for the award of the referee, and interest thereon.*