## SOLOMON KEYES *v.* JAMES W. FULTON.

### *Arbitration.   Revocation.*

The counsel of one of the parties to a submission to arbitration, after the case had been heard by the arbitrator, and before his decision, writes to the arbitrator the following letter:

"Felchville, September 11, 1866.

"Hon. SEWALL FULLAM, Ludlow, Vt.—Shortly after meeting you at the probate court at Cavendish, I wrote to C. P. Marsh, Esq., stating what you informed me, and asking a copy of his brief. I find my letter was dated August 28. He replies under date of September 1st, but gave no intimations whatever as to what he claimed in the case. I have a copy made of the argument, I enclose to you, and am ready to furnish it to Mr. Marsh if he will only agree to furnish me with a copy of his brief according to the agreement made on the day of the hearing before you. As matters now stand, I cannot determine whether I have answered all his points or not, and Mr. Keyes thinks that Mr. Marsh has not dealt fairly in the case, and objects to any decision of the case until we can be informed as to the claims made by the opposite party, and have an opportunity to reply to them.

"Respectfully,          GILBERT A. DAVIS."

*Held* that it did not operate as a revocation of the submission. *Held,* also, that it would not amount to a revocation if the jury should find an agreement between the counsel to exchange briefs as claimed in the letter, the writer of the letter knowing at the time of writing it that the counsel of the other party had sent his brief to the arbitrator, without furnishing a copy, according to the agreement, to him or to his client Keyes.

ACTION of trespass, brought before a justice of the peace, and came to this court by appeal. Trial by jury. May term, 1868, BARRETT, J., presiding.

The defendant pleaded submission to arbitration and award. Replication that before publication of award, the submission was revoked by the plaintiff. Rejoinder, traversing the revocation. Under this issue, the plaintiff produced evidence tending to show that at the close of the hearing before the arbitrator it was agreed by the parties, by their counsel, that the counsel should present their arguments and points of law, in a brief, a copy of which brief each was to furnish the other, before the same was forwarded to the arbitrator, and each to have opportunity to reply to the other's before any award was made, such replies to be furnished the arbitrator. This agreement was denied by the defendant. The evidence shows that the defendant's counsel furnished his brief to the arbitrator, but furnished no copy to the plaintiff or his counsel, nor gave any notice to them of the time when he sent the brief to the arbitrator. The plaintiff, upon learning the fact

that the defendant had sent his brief to the arbitrator, requested a copy from the defendant's counsel as had been agreed—the defendant's counsel furnished none. The plaintiff's counsel then made out his brief as well as he could and sent it to the arbitrator, and by direction of the plaintiff sent at the same time the letter set forth in the note above; and which the arbitrator received before making and publishing his award. No copy of brief was ever furnished the plaintiff or counsel. The arbitrator, notwithstanding, afterwards made out and published his award in favor of the defendant. Proof was also given of the value of the property. The plaintiff's counsel insisted and requested the court to charge:

1.   That the revocation was sufficient, and if the jury found the same was received by the arbitrator before publishing his award, they should find for the plaintiff to recover his just damages, and this without reference to any agreement to exchange briefs.

2.   That if the jury found such an agreement to exchange briefs as the evidence tended to show, and that the defendant's counsel sent his brief to the arbitrator, but furnished no copy to the plaintiff or his counsel, then the revocation was sufficient, and a verdict must be for the plaintiff.

But the court *pro forma* ruled that in neither case was the revocation sufficient, and directed a verdict for the defendant, to which the plaintiff excepted.

*Gilbert A. Davis*, for the plaintiff.

*Washburn & Marsh*, for the defendant.

The opinion of the court was delivered by

PECK, J.   The issue in this case was whether the plaintiff revoked the submission before the award, on which the defendant relied as a defense, was published. The question presented by the exceptions is, whether the letter written by the plaintiff's attorney, Mr. Davis, to the arbitrator after the hearing, was, under the circumstances, a revocation of the powers of the arbitrator. The plaintiff's evidence tended to show an agreement between the counsel of the respective parties at the close of the hearing before

the arbitrator, that they were thereafter to furnish their briefs to the arbitrator, first each furnishing the other a copy of his brief, so as to enable each to reply to the brief of the other. The case states that this agreement was denied on the part of the defense, but we learn, however, from the counsel that it was only that part of the agreement relating to furnishing copies to each other that was in dispute at the trial. Had it been the intention that the arbitrator should treat the letter as a revocation, it is hardly probable the writer would have forwarded his brief at the same time with the letter, for the use of the arbitrator. The reason assigned in the letter by the plaintiff's counsel, for the postponement of the decision, was, that not having seen the brief of the defendant's counsel, he could not tell whether he had anticipated all the points made on the part of the defense. The arbitrator having both briefs before him, could judge of the grounds urged for postponing the decision. Very likely he saw that the plaintiff's counsel had anticipated and replied to all the points made on the other side, and concluded that the reason suggested for delaying the decision had no foundation in fact. We think the arbitrator was not bound to regard the letter as a revocation. Had the writer intended it to be so understood, he would have used language more explicit to that effect; especially as he is of the legal profession and supposed to know what was necessary to constitute a revocation. As the powers of the arbitrator were not revoked, whether he acted judiciously or not in proceeding to decide the case at the time he did, cannot affect the validity of the award any more than an error of judgment on any other question in the case. The letter is not a revocation, but a request for delay.

The request of the plaintiff's counsel to the court to charge the jury that if they should find there was an agreement by counse for the exchange of briefs, then the letter was a revocation, was properly refused. If there was such agreement between counsel, a breach of it would not amount to a revocation, nor would it give that effect to the letter. If the plaintiff, or his counsel, deemed it indispensable that they should have a copy of the brief on the part of the defense before a decision of the case, they should have revoked the submission, instead of trusting it to

the judgment and discretion of the arbitrator to decide whether he would grant the delay on the suggestion contained in the letter, or decide the case at once, knowing as they did that the defendant's counsel had sent his brief to the arbitrator without giving them a copy.

The judgment of the county court is affirmed.