## BODEN ET AL. *v.* DILL ET AL.

BOND.—*Injunction.*—*Defect.*—A bond executed by the plaintiffs, in an action against several defendants, to obtain a temporary injunction, enures to the benefit of all the defendants, though, in its terms, it is executed to but one of them.

SAME.—*Action On.*—*Suggesting Defect.*—*Pleading.*—In an action upon such defective bond, by such defendants, the complaint need not suggest such defect, where the bond, upon its face, itself suggests the same.

SAME.—*Condition.*—A bond executed in a proceeding to obtain an injunction, providing "for the payment of all damages and costs" sustained by the obligee by reason of such injunction, "should the same be wrongful," has but one condition, which is, that the injunction should be wrongful.

Boden *et al. v.* Dill *et al.*

SAME.—*Breach.*—*Practice.*—*Demurrer.*—*Motion to Strike Out.*—In an action upon such bond, but one breach is assignable, which is, that the injunction was wrongful; but, if additional breaches be assigned, the remedy is, not by demurrer to such breaches, but by a motion to strike them out.

SAME.—*Evidence.*— *Non Est Factum.*—Under the issue formed in such action by the general denial, the bond in suit may be given in evidence without proof of its execution.

SAME.—A finding for the plaintiff in such action can not be rendered, unless the bond is given in evidence.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts,* for appellants.

WORDEN, J.—This was an action by Henry Dill and Edward Dill, against Charles Boden, David Ogle and William Crull, on the following undertaking, viz. :

"DAVID OGLE AND CHARLES BODEN *v.* HENRY DILL ET AL.

" In the Hamilton Circuit Court, November term, 1875.

" We, the undersigned, hereby acknowledge ourselves bound unto the defendant Henry Dill, for the payment to him of all damages and costs which said defendant may sustain by reason of the restraining order or injunction herein, should the same be wrongful.

(Signed,)               " DAVID OGLE.

                              " CHARLES BODEN.

                              " WILLIAM CRULL."

The injunction was granted in an action in the Hamilton Circuit Court, wherein Ogle and Boden were plaintiffs, and the said Henry Dill and Edward Dill were defendants; and the injunction, until it was dissolved, enjoined the defendants in that action, who, it is alleged in the complaint herein, were the owners of the property, from erecting a certain mill-dam. It is alleged in the complaint, that the undertaking was executed by Crull, as the surety of Ogle and Boden, and was executed for the benefit of both the Dills, defendants in the action in which the injunction issued.

The defendant Crull separately demurred to the complaint, for want of sufficient facts, and all the defend-

ants filed a like demurrer, jointly; but these demurrers were respectively overruled, and the defendants excepted.

The point made in these demurrers is, that, as the undertaking, in terms, bound the undertakers to Henry Dill only, he and Edward Dill could not maintain a joint action upon it.

The point would, doubtless, be well taken, if the undertaking were to be regarded as a mere common-law obligation. But the undertaking is provided for by statute. It is intended as an indemnity to all the defendants in the action in which the injunction is issued, whose rights may be injuriously affected thereby. It is to be approved by the court or judge awarding the injunction. 2 R. S. 1876, p. 95, sec. 142.

Then we have the following statutory provision:

"No official bond entered into by any officer, nor any bond, recognizance or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form of [or?] substance, or recital, or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance. In all actions on a defective bond, recognizance or written undertaking, the plaintiff or relator may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance or written undertaking were perfect in all respects." 2 R. S. 1876, p. 311, sec. 790.

As the plaintiffs were both the owners of the mill propelled by the waters of the stream which they were enjoined from damming, and both injured by the injunction, the above statute enables them both to sue upon the undertaking as if it had been in terms made to them both. *The State, ex rel. Jackson Township,* v. *Berg,* 50 Ind. 496; *Railsback* v. *Greve, ante,* p. 72.

The defect in the undertaking was sufficiently apparent

on its face without any further suggestion, when viewed in connection with the case in which it was taken. The court did not err in overruling these two demurrers.

The plaintiffs, in their complaint, specified five particulars in which they had been damnified by the injunction, and the defendants filed demurrers respectively to the third, fourth and fifth specifications. These demurrers were overruled, and the defendants excepted.

The appellants rely here only upon the ruling as to the fifth specification.

But two cases occur to us in which a demurrer will lie to less than the entire paragraph of the pleading to which it is addressed. In actions for slander, and perhaps for libel, a demurrer addressed to any one entire set of words is proper. Each set of words may be regarded, for this purpose, as a separate paragraph. So in actions on bonds, where several breaches are assigned in the condition or conditions, each breach assigned may, for this purpose, be regarded as a separate paragraph, and a demurrer may be addressed to each breach. Buskirk Prac. 180, and authorities there cited.

The instrument sued on here is not like an ordinary bond with condition or conditions, of which there may be several breaches. It undertakes to pay the plaintiffs all damages and costs which they may sustain by reason of the injunction, should the same be wrongful. There is but one condition to the undertaking, which is, that the injunction should be wrongful. This condition is an entirety, and there can be but one fulfilment of it. The terms of the undertaking are such that payment is to be made upon the fulfilment, rather than the breach, of the condition. The nature of the condition is such that there can be but one fulfilment of it. When the injunction was dissolved, it was shown, at least *prima facie*, to have been wrongful, and the undertaking became absolute.

When the undertaking thus became absolute, the damages which the plaintiffs sustained by reason of the injunc-

tion, whatever they may have been, were recoverable, not as for several breaches of the condition of the undertaking, but as upon the fulfilment of the condition, or, in other words, the determination of the contingency, upon which the instrument became payable.

If the instrument were to be viewed in a different light, and if the event of the injunction proving to be wrongful should be regarded as a breach of the condition, still there could be but one breach. No error was committed in overruling these demurrers. The better practice would have been to have struck them out.

The defendants pleaded, amongst other things, the general denial, and the cause was tried by the court, resulting in a finding and judgment for the plaintiffs. The defendants moved for a new trial, because, amongst other things, the finding was not sustained by the evidence, but the motion was overruled, and exception taken. There is a bill of exceptions in the record purporting to contain all the evidence, and it is objected that the undertaking sued on was not, as appears by the bill of exceptions, given in evidence. We have carefully looked through the bill and do not find it. Under the pleading, it should have been given in evidence, though when offered its execution need not have been proved. The failure of the defendants to put in issue the execution of the instrument by pleading under oath, or by affidavit denying its execution, did not dispense with the necessity of its production as evidence on the trial of the cause. 2 R. S. 1876, p. 75, sec. 80, and cases cited in note 2, *i.*

For the failure to introduce the undertaking in evidence, the judgment will have to be reversed.

The judgment below is reversed, with costs, and the cause remanded for a new trial.