## VALENTINE B. CRESS ET AL. V. FRANK M. HOOK.

*Pleading in a Suit on an Injunction Bond.— Variance.*—A copy of the injunction bond must be filed in order to make the complaint good, but a copy of the record of the injunction suit ought not to be filed, and if it is so its contents will not be considered, no matter now widely the averments of the complaint may vary from it.

Herein, also, *held* that there was no variance between the allegation of the complaint and the restraining order of the court.

Filed May 17, 1881.

Appeal from Marion Circuit Court.

T. S. Rollins and George W. Stubbs, for appellants, cited, 1 Chitty, 305; 6 Blackf. 59; *Paris* v *Strong*, 51 Ind. 343; *Peoria etc. Insurance Co.* v. *Walser*, 22 Ind. 73; 22 Ind. 82, as to variance

W. P. Adkinson and J. M. Johnson, for appellee, cited, 20 Ind. 310; 22 Ind. 232, 259; 24 Ind. 258; 27 Ind. 207; 33 Ind. 213; 19 Ind. 290; 32 Ind. 115; 31 Ind. 514; 29 Ind 290, as to variance, as also the statutes relating thereto; 6 Blackf. 59, as to variance under the old practice; 22 Ind. 82; 52 Ind. 106; 51 Ind. 343, distinguished.

Opinion of the court by Mr. Justice Woods.

The appellee sued the appellants before a justice of the peace on an injunction bond and obtained judgment; and on appeal by the defendants to the Circuit Court, again recovered, but for a smaller sum. The court upon request of the parties found the facts specially and made a statement of legal conclusions thereon. Error is assigned upon these conclusions and upon the overruling of a demurrer to the complaint. Counsel, however, have discussed but one question, though with reference to the complaint and to the conclusions of law. The objection as made to the complaint is that there is a variance between the averments of the complaint as to what the injunction was, and the copy of the injunction filed therewith. There is nothing in the objection, no matter how wide the variance. The injunction bond is the foundation of the action and a copy thereof must have been filed in order to make the complaint good, but the copy of the record of the injunction suit ought not to have been filed, because not the basis of the action. It was superfluous and its contents cannot be considered as adding to or detracting from the complaint. The cases on this subject are numerous and citation unnecessary.

The same question recurs in reference to the conclusions of law. We therefore state enough of the case to afford a proper understanding of the point to be decided.

The complaint shows that at the time of the issuing of the injunction against him, the plaintiff was employed as a clerk and salesman in a certain drug store at a salary of fifty-five dollars per month, and that the defendant's lessees and another instituted an

injunction suit against him and obtained an order of the court, restraining him "from pursuing his said employment," which order remained in force from August 23 to November 21, 1877, when the case was dismissed. The restraining order, as the court found it, was of the tenor following, viz: "The defendant, Francis Hood, is herewith restrained from selling, removing or otherwise disposing of, or in any way encumbering a certain stock of drugs, contained in," etc. (describing the store where the plaintiff was employed), "or from exercising any authority, control or power of disposition whatever over said goods, drugs and fixtures therein."

We cannot agree with counsel that this order does not support the averment of the complaint. If the plaintiff refrained from doing the things thereby forbidden him, it is difficult to see that there was left to him anything to do in "pursuing his said employment" as a clerk in said drug store. As the whole argument of counsel turns upon this point, we have deemed it unnecessary to give any fuller statement of the record.

Judgment affirmed with costs.