No. 1,927.

## KILLIAN ET AL. *v.* THE STATE, EX REL. SPAYD, TRUSTEE.

TOWNSHIP TRUSTEE.—*Misapplication of Township Funds.—Liability of Sureties.*—If a school township is liable for the payment of orders issued by its trustee for borrowed money, and the trustee misappropriates such money, his sureties will be liable therefor.

SAME.—*Power of Township Trustee to Borrow Money.*—A township trustee has no express power to borrow money for school purposes, except upon compliance with sections 6006 and 6007, R. S. 1881 (sections 8081 and 8082, Burns'R. S. 1894); but if he does obtain it, and rightfully expends it for the benefit of the schools of his township, the township will be liable for its repayment.

APPELLATE PROCEDURE.—*Assignment of Error.*—An assignment of error must rest upon a ruling of the court, made against the party assigning it; several appellants cannot base error upon a ruling which affects but one of them.

From the Spencer Circuit Court.

*E. M. Swan* and *C. B. Laird*, for appellants.

*W. C. Mason*, *A. J. Payton*, *H. Kramer*, *F. A. Henring*, *Jr.*, and *W. L. May*, for appellees.

Ross, J.—The appellant Gustus Killian was elected trustee of Carter township, in Spencer county, Indiana, on the 2d day of April, 1888, and served as such until August, 1890.

The appellee, as his successor, brought this action, alleging, in one paragraph of his complaint, that on the 11th day of April, 1888, appellant Killian, with his co-appellants, Lawrence Ofer, Willis S. Bryant, George J. Hufnagel, William Schwartz, Michael Heichelbach, Joseph Hang, and Jacob Singer, as his sureties, executed his bond as such trus-

tee, in the penal sum of $17,000.00, a copy of which bond is filed with and made a part of the complaint; that he entered upon the duties of his office on the 12th day of April, 1888; that, as such trustee, he received certain sums of money belonging to the special school fund, to-wit, $3,228.23, and that for the sum of $600.00 thereof he has failed to account, etc. In another paragraph of the complaint it is charged that he erroneously took credit for the sum of $289.00, and in another that he erroneously took credit for $54.25, while in two other paragraphs it is charged that he erroneously took credit for the sum of $100.00 and $120.00, respectively, for money borrowed, but that he failed to charge himself with the money borrowed, although he took credit for the orders issued therefor.

Each of the appellants, except Killian, filed a separate demurrer, for want of facts, to each paragraph of the complaint, which were overruled and exceptions saved.

The appellant Killian filed demurrers to the second, third, fourth, and fifth paragraphs of the complaint, which were also overruled and the rulings excepted to.

All of the appellants, except Killian, jointly assign errors in this court, the first, second, third, and fourth specifications of which are predicated upon rulings, if any there are in the record of the court below, on joint demurrers filed by them to the second, third, fourth, and fifth paragraphs of the complaint. We have been unable to find in the record a joint demurrer filed by the said appellants to the complaint, or either paragraph thereof, neither have we been able to find any ruling of the court on such a demurrer. A specification of error must rest upon a ruling of the court made against the party assigning it, and several

Killian *et al. v.* The State, *ex rel.* Spayd, Trustee.

appellants cannot base error upon a ruling which affects but one of them. "The rule is well settled in this court that the assignment of errors in the appellant's complaint, and that the specifications of error, must apply to rulings affecting all joining therein, or they cannot be considered." *Cannelton Water Co.* v. *Burkett,* 13 Ind. App. 277.

The appellant Killian has separately assigned error, and thereunder insists that the court below erred in overruling his demurrers to the fourth and fifth paragraphs of the complaint. It is urged against these paragraphs, that the facts alleged fail to show that he did not account for all of the money he received belonging to said fund, hence no breach of the bond is shown. We think the facts alleged in the fourth paragraph of the complaint are, that of the moneys received by him, he failed to account for the sum of $100.00; that he borrowed that amount of money, and expended it for the benefit of the school township, and was given credit for the sum thus expended, but that in borrowing said sum he issued the order of the township therefor, and then failed to charge himself with the money received.

Of course, he was chargeable with all moneys received, whether in the regular way, or by pledging the credit of the township, and was entitled to have credit for all moneys expended. Unless he charged himself with the sums borrowed, and for which the obligation of the township was outstanding, he was not entitled to credit when he had expended it. The fourth and fifth paragraphs of the complaint state a cause of action against the appellant Killian, and the court did not err in overruling his demurrers thereto.

The fifth, sixth, and seventh specifications of the joint errors assigned, which are as follows: (5) "The court erred in sustaining the demurrer of the appellee

to the third paragraph of the separate answer of the appellants, Lawrence Ofer, et al., sureties, to the amended complaint." (6) "The court erred in sustaining the demurrer of the appellee to the fourth paragraph of the separate answer of the appellants, Lawrence Ofer, et al., sureties, to the amended complaint," and (7) "The court erred in its conclusions of law on the findings," are presented together, counsel saying: "The proposition on which we contend these rulings are erroneous is, that a township trustee has no authority to borrow money, so as to affect any sureties, except in the manner provided by statute, and that, if he does borrow money without complying with the statute, the sureties on any bond he may have given are not liable." Counsel admit that they have been unable to find any adjudication to sustain their contention, but they say: "The Supreme Court has intimated, in more than one case, that it was doubtful if there was any liability, on the part of the sureties on a bond, in such case."

In other words, the contention, if we fully understand it, is, that the sureties are liable if the act of the principal, in borrowing money, was a lawful act; but, if his acts were unlawful, the sureties are not holden.

The question that must determine the liability of the appellants, except the appellant Killian, as we view the case, is settled when we fix the liability or non-liability of the school township for the payment of the orders issued for the several sums borrowed.

If the school township is holden for the payment of the orders issued for the money borrowed, the appellants would be liable on the bond for the misapplication or misappropriation thereof; but if the school township is not holden for the money borrowed, such

money did not belong to it, and it would naturally follow that the appellant Killian was not required to account therefor, hence no right of action accrued for his failure to account for it.  His duty was to account for all moneys coming into his hands, which belonged to the township, and, for a failure to so account, a breach of his official bond resulted.

It is quite well settled that the statute does not expressly authorize township trustees to borrow money and bind the township, except by a compliance with sections 6006 and 6007, R. S. 1881 (sections 8081 and 8082, Burns' Rev. 1894); but it has been held, in some cases, that power to create an indebtedness in certain instances, and for certain purposes, is implied.  If the indebtedness created, whether for materials furnished or labor performed, or for money borrowed and used to pay therefor, accrued to and was used for the benefit of and was necessary for the welfare of the township, the township would be liable.  For, while the trustee has no express power to borrow money for school purposes, except upon compliance with the sections of statute, *supra*, if he does obtain it, and rightfully expends it for the benefit of the schools of his township, the township is liable for its repayment.

In the case of *Bicknell, Admx.*, v. *Widner School Tp.*, 73 Ind. 501, it was held that where money borrowed by the township trustee was actually used for necessary school purposes, the township was liable, even though the trustee had no express power to borrow money and pledge the credit of the township for its repayment.

It is expressly alleged, in the complaint under consideration, that these several sums borrowed by the appellant Killian, as trustee, were expended for work and material for said school township.  And the court,

in its finding of facts, finds that the money thus borrowed was expended by Killian in "the purchase of articles and services needed by and necessary for Carter school township, and fair value was received by the school township for the money." The court further finds that the appellant Killian, in his reports to the board of commissioners, "asked and was given credit for the articles and services bought with the $220.00 borrowed money;" that "he never charged himself in such reports with said amount," and that "the two certificates, or orders, of indebtedness, given for the borrowed money, were outstanding against the school township at the end" of his "term of office, and were afterwards paid by the said school township," and that the township "has never been reimbursed for any part of said sum." Under the facts found, it would be simply right and equitable that the appellants be required to account to the township for all of the moneys received by appellant Killian, not only those received from the proper and regular source, but also that which he borrowed and for which he executed the obligation of the township, and which the township has since paid. This is the equitable side of the case, and, usually, where the equity lies the law finds a resting place.

'The court did not err in overruling the motion of the appellant Killian for a new trial. There is ample evidence to sustain the findings of the court as against him, inasmuch as he does not urge for a reversal the fact that the bond sued on was not given in evidence. We are constrained to hold, however, that the court did err in overruling the motion of the other appellants for a new trial. Under the issues formed, an answer of general denial having been filed, the burden rested upon the appellee to prove that the appellants,

Killian as principal, and the others as his sureties, executed the bond sued on.  There is nothing in the evidence to show that the appellants ever executed a bond.  The appellants are not liable in this action, unless they executed a bond for the faithful performance, by Killian, of his duties as trustee.  No bond was introduced in evidence and no admission made that such bond was given.  There being no evidence of that fact, there is nothing to bind them; hence, the finding of the court, "That on said day he executed his bond in the penal sum of $17,000.00, with the defendants, Lawrence Ofer, Willis S. Bryant, Jacob Singer, George J. Hufnagel, William Schwartz, Michael Heichelbach, and Joseph Hang, his sureties thereon, which bond was duly accepted and approved by the board of commissioners of the county court of Indiana," is not sustained by the evidence.

The judgment of the court below as to the appellants, Lawrence Ofer, William S. Bryant, George J. Hufnagel, William Schwartz, Michael Heichelbach, Joseph Hang, and Jacob Singer is reversed, with instructions to sustain their motion for a new trial.  As to the appellant, Gustus Killian, the judgment is in all things affirmed.

REINHARD, J., did not participate in the decision of this case.

Filed May 7, 1896.