Mand *v.* Patterson.

also, *Terre Haute, etc., R. R. Co.* v. *Mason,* 148 Ind. 578. The demurrer to the complaint was correctly overruled. Judgment affirmed.

## MAND *v.* PATTERSON.

[No. 2,350. Filed March 29, 1898.]

ARBITRATION AND AWARD.—*Action on Award.— Complaint.*—The material allegations of a complaint to recover an award made by an arbitrator are, the existence of the differences between the parties to the action; an agreement to submit the matters in dispute to arbitration; the substance of the agreement, if oral, and if written, the agreement in full; that an award was made in accordance with the terms of submission; the substance of the award, if oral, the award itself if written, and that defendant failed to abide by or perform the conditions of the award. *p. 621.*

COMPLAINT.—*Exhibit.*—An exhibit filed with a complaint does not control or affect the complaint in any manner unless the complaint is founded upon the exhibit. *p. 621.*

ARBITRATION AND AWARD.—*Arbitrator Cannot Change Award.*—When an award has been made and published the arbitrator becomes *functus officio,* and he cannot thereafter change the award. *pp. 621, 622.*

SAME.—*Revocation of Submission.*—A written submission of a cause to arbitration requires a written revocation, and cannot be revoked orally. *p. 623.*

From the Vigo Circuit Court. *Affirmed.*

*G. W. Kleiser* and *J. H. Kleiser,* for appellant.

*Thomas A. Nantz* and *George I. Kisner,* for appellee.

HENLEY, J.—Appellee began this action against appellant upon a common law award made by an arbitrator under a written agreement wherein matters of difference were submitted by appellant and appellee to arbitration. The complaint was in one paragraph and discloses the following facts upon which the action is based: It is alleged that the parties to this action were at certain times partners engaged in the grocery and produce business; that afterwards

they by agreement, dissolved said partnership, and were unable to effect a satisfactory settlement of the partnership accounts between themselves; that they then agreed that one B. Holmes should select a competent accountant whose duty it should be to adjust all of their accounts and report the result of the same to these parties; that each party would abide by the said report, and they agreed to hold themselves firmly bound to each other in the sum of $500.00 damages for the faithful performance of the award of the accountant,—all of which agreements and stipulations between said parties were reduced to writing, and signed and sworn to by both appellant and appellee. The written instrument is made a part of the complaint. According to said agreement, the said Holmes selected one Roswald G. Wheeler, an expert accountant to adjust the said accounts, which the said Wheeler proceeded to do, and found that appellant was indebted to appellee in the sum of $241.50, and the said Wheeler made a verbal report to that effect to both parties, as per agreement, and that afterward the said Wheeler made a written report of the facts as ascertained in adjusting the said accounts, which written report he signed and verified by his affidavit. This written report is also filed with and made a part of the complaint. To the complaint setting up the facts substantially as above, the court overruled a demurrer, and appellant filed an answer in four paragraphs. A demurrer was overruled to the first and second paragraphs of answer, and sustained as to the fourth. The third paragraph of answer was a general denial. Appellee replied to the first and second paragraphs of answer, putting the cause at issue by a general denial. The cause was submitted to the court for trial without the intervention of a jury. There was a finding for appellee, plaintiff below, and judgment in his favor in the sum of $241.50, being the

amount of the award. Appellant moved for a new trial which was overruled. The errors assigned in this court are (1) the overruling of the demurrer to the complaint; (2) the sustaining of the demurrer to the fourth paragraph of answer; (3) overruling the motion for a new trial.

The material allegations of a complaint of the nature of the one in this action are (1) the existence of differences between the parties to the action; (2) an agreement to submit the matters in dispute to arbitration; (3) the substance of agreement of submission if oral and if written the agreement must be made a part of the complaint; (4) that an award was made in accordance with the terms of said submission; (5) the substance of the award if oral, the award itself or a copy if written; (6) that defendant had failed to abide by or perform such award. We are convinced that the complaint in this cause is sufficient. The award is alleged to have been oral and the agreement of submission permitted it so to be. The fact that the arbitrator, Wheeler, did afterward make a written report of the facts as he ascertained them, did not alter or vary his award, made long before, and has no bearing for or against the complaint. An exhibit filed with the complaint does not control or affect the complaint, or aid it in any manner, unless the complaint is founded upon it, and it is a necessary part thereof. *Wilson* v. *Vance*, 55 Ind. 584; *Cress* v. *Hook*, 73 Ind. 177; *Briscoe* v. *Johnson*, 73 Ind. 573.

As we regard the complaint it is complete without the written statement of the arbitrator which is filed therewith.

The fourth paragraph of appellant's answer to which the lower court sustained a demurrer, alleged that after the submission of the matters of dispute between appellant and appellee to said Wheeler, the

said Wheeler proceeded to hear and determine the case and made his said "supposed" award in the month of March, 1888. That thereafter in the month of March, 1889, the said Wheeler having abandoned his former award, assuming to act further in said premises, and without notice to appellant of his intention, made another pretended award in writing which award is filed as "Exhibit B with the complaint and which is the award sued on in this action." This answer does not attack the award made in March, 1888, upon which the complaint is based, but says that it was abandoned and a written award made to take its place.

Abandoned by whom? The answer says abandoned by Wheeler, the arbitrator. When an award has been made and published and it will be deemed so made and published as soon as the arbitrator has declared his first decision and notified the parties, the arbitrator becomes *functus officio*, and can no longer change it; and when Wheeler had announced his decision in ·March, 1888, and notified both parties of his decision, as is alleged by the complaint, he became *functus officio*, and any action that he may have taken thereafter was a nullity and could not change the finding or in any way affect the relative rights of the parties. So far as this controversy was concerned, he became a stranger to it. *Thompson* v. *Mitchell,* 35 Me. 281; *Pollard* v. *Lumpkin,* 6 Gratt. (Va.) 398, 52 Am. Dec. 128; *Rixford* v. *Nye,* 20 Vt. 132.

It is well settled by the courts of this country and England, that arbitrators after making and publishing an award become *functus officio,* and their further. action is a nullity. If appellee was seeking a recovery under the written statement filed with his complaint, and declaring upon that written statement as an award, then the answer might be good, but it presents

no defense to the complaint because the complaint does not proceed upon that theory.

It is also contended by counsel for appellant that the court erred in refusing to permit the appellant to testify that he had orally revoked the contract of submission. The court did right in refusing this evidence. It is the universal rule of law in this country that a written submission requires a written revocation. *Shroyer* v. *Bash,* 57 Ind. 349; *Keys* v. *Fulton,* 42 Vt. 159; *Brown* v. *Leavitt,* 26 Me. 251; *Mullins* v. *Arnold,* 4 Sneed (Tenn.) 262; *Wallis* v. *Carpenter,* 13 Allen (Mass.) 19; *McFarlane* v. *Cushman,* 21 Wis. 401; *Relyea* v. *Ramsay,* 2 Wend. (N. Y.) 602.

The other questions presented by appellant in his motion for a new trial relate to the weight and sufficiency of the evidence. The evidence is properly before us, and we have carefully examined it. We think every material allegation of appellee's complaint was fairly proved, and we will not disturb the verdict. The law looks with favor upon the settlement of controversies by arbitration, and such settlements should be encouraged by the court; and, as was said by Lotz, J., in *Brown* v. *Harness,* 11 Ind. App. 428: "For the purpose of sustaining an award, technical objections should be disregarded and every fair intendment should be drawn to uphold it. It is a determination or result reached by a tribunal selected by the parties themselves, and the policy of the law forbids that the controversy should again be opened except it be impeached by fraud, corruption, partiality, or undue means, or other misconduct on the part of the arbitrators." We find no error in the record. Judgment affirmed.