FETTER ET AL. *v.* POWERS ET AL.

[No. 17,668. Filed April 8, 1948. Rehearing denied May 14, 1948. Transfer denied June 16, 1948]

*Finley & Finley*, and *Ralph W. Probst*, all of Kendallville, attorneys for appellants.

*Gleason & Gleason*, both of Angola, attorneys for appellees.

HAMILTON, J.—This is an appeal from a judgment in favor of the plaintiff in an action to recover damages upon an attachment bond executed by the appellants to obtain the issuance of a writ of attachment, and which writ of attachment was alleged to have been wrongful and oppressive.

The facts involved are as follows: On August 21, 1942, appellants, Anna Fetter and Estate of Archy Campbell, doing business as Campbell & Fetter, Bankers (a private bank at Kendallville, Indiana), filed their action before one LeRoy Starmer, a Justice of the Peace in Wayne Township, Noble County, Indiana, against Milo Powers and Addie Powers, residents of Milford Township, LaGrange County, Indiana, to recover upon a promissory note. At the time of filing the action the plaintiffs filed an affidavit in attachment alleging that the defendant Milo Powers, was a non-resident of the state of Indiana, and they also filed their written under-

taking and bond in attachment in said action, which bond was signed by Campbell & Fetter, Bankers, by Donald M. Campbell, its president. The bond was approved by the Justice of the Peace, and a writ of attachment duly issued and delivered to one Lester Workman, a special constable, to be served. Said Workman, as special constable, with the assistance of one Jay C. Williams, a disinterested householder of Noble County, executed said writ of attachment and levied upon a valuable race horse, known as Hal C., one four-door Oldsmobile sedan; one set of racing harness, and one sulky, belonging to Milo Powers, and made due return upon said writ of attachment. Thereafter, on August 26, 1942, a default judgment was rendered against the defendants, Milo Powers and Addie Powers, in the sum of $199.99. As a part of the default judgment the Justice of the Peace ordered that the above mentioned attached property, or enough thereof as necessary to pay and satisfy the judgment and costs, be sold as other personal property is sold on execution.

On August 27, 1942, the Justice of the Peace issued and delivered to said Workman, as special constable, an order of sale directing and commanding said special constable to sell and dispose of as upon execution the goods and chattels attached under the order of attachment issued in said action, or so much as necessary to make the sum of $199.99, with interest and costs. Thereafter, on the — day of February, 1943, said special constable Workman proceeded across the county line between Noble and LaGrange Counties to the home of Milo Powers in Milford Township, LaGrange County, and seized and took into his possession the race horse, Hal C., and removed him into Noble County, where he was kept at a boarding stable for a period of six weeks, until April, 1943, during which period of time it was

claimed said race horse received injuries which rendered him worthless as a race horse. In March, 1943, Milo Powers filed in the Noble Circuit Court his verified complaint to vacate and set aside the default judgment rendered against him by said Justice of the Peace on August 26, 1942, and to enjoin the sale of the per sonal property levied upon under the writ of attachment and order of sale entered August 27, 1942, heretofore described. Thereafter such proceedings were duly taken in said action as resulted in a judgment vacating and declaring null and void said default judgment and all other proceedings had therein relative to the attachment and levy and enjoining the threatened sale of the race horse Hal C. Thereafter said Milo Powers instituted this action as heretofore stated.

Issues were joined upon a second amended complaint and a second amended answer in one paragraph, admitting and denying as provided by Rule 1-3. The venue having been changed to the LaGrange Circuit Court, the cause was submitted for trial to a jury, which returned its general verdict in favor of the plaintiff and assessed his damages in the sum of $1500. Judgment was rendered upon the verdict, and upon the overruling of a motion for a new trial, this appeal was perfected.

After the trial and verdict of the jury, the plaintiff, Milo Powers, died on April 4, 1947, and upon proper motion the appellee, LeRoy K. Schultess, administrator of the estate of Milo Powers, deceased, was substituted as party plaintiff in said action.

The errors assigned and not waived are: 1. That the court erred in sustaining a demurrer to appellants' plea in abatement. 2. That the court erred in overruling appellants' demurrer to the second amended complaint. 3. That the court erred in sustaining a demurrer to the

second paragraph of appellants' answer. 4. That the court erred in striking out appellants' cross-complaint and answer of set-off. 5. That the court erred in overruling appellants' motion for a new trial. These alleged errors will be considered and discussed in the order above mentioned.

In their plea in abatement filed in the second amended complaint, which named as the defendants therein "Anna Fetter and Estate of Archy Campbell, doing business as Campbell & Fetter, Bankers; Campbell & Fetter, Bankers; Donald M. Campbell," the defendants alleged in substance that the plaintiff had totally abandoned the theory of the original complaint, which was based upon a claimed illegal judgment and unlawful detention of personal property under the alleged illegal judgment; that the second amended complaint is based upon the theory of a wrongful attachment and is an action upon the attachment bond; that the defendants named in the second amended complaint are not the defendants named in the original action; that no process of summons has been issued against any of the defendants named in the amended complaint and by reason thereof no defendant has been brought into court.

Under Proposition I and points and authorities thereunder appellants claim no action was ever commenced against the estate of Archy Campbell, one of the defendants; that no claim had ever been filed against the estate in the clerk's office wherein said estate was pending; and no summons was ever issued against the estate or its representative upon the filing of the amended complaint and therefore said defendant estate was never properly brought into court and is not a proper party defendant in the action, citing

§ 2-802, Burns' 1946 Replacement, and § 6-1001, Burns' 1933.

The record discloses that the defendants to the second amended complaint, *viz*: Anna Fetter and Estate of Archy Campbell, doing business as Campbell & Fetter, Bankers; Campbell & Fetter, Bankers; Donald M. Campbell; were on and prior to August 21, 1942, engaged in the business of conducting and operating a private bank at Kendallville, Indiana.

Section 18-2711, Burns' 1933, which is § 12, ch. 113, Acts 1907, entitled "An act to regulate and supervise the business of banking by individuals, partnerships or unincorporated persons," expressly provides that "any bank organized and doing business under the provisions of this act shall have the right to sue and be sued under the name under which such bank is authorized to transact its business. Service of summons or other process of court upon the officer or agent in charge of the business of such bank shall be good and sufficient service to give the court jurisdiction, and any judgment obtained against such bank shall be valid and binding against all the persons interested therein."

In view of said statute and the facts in this cause the court did not err in sustaining the demurrer to said plea in abatement. *New Amsterdam Casualty Co.* v. *New Palestine Bank* (1915), 59 Ind. App. 69, 76, 107 N. E. 554; *Kimmel* v. *Captain* (1940), 107 Ind. App. 621, 625, 24 N. E. 2d 435.

Under Proposition III of appellants' brief, we find the following statement: "The appellants rely on their Assignment of Error No. 3 to-wit: 'The Court erred in overruling the demurrer filed by defendants to plaintiff's second amended complaint.' The appellants also rely under Proposition III upon their Assignment of Error No. 8, to-wit: 'The Court erred in overruling

defendant's motion for a new trial' and with reference to the following causes in said motion for a new trial to-wit: '4. The Court erred in overruling the motion of the defendants, at the close of plaintiff's evidence, for a directed verdict for the defendants.' '5. The Court erred in overruling at the close of the evidence given in this cause, the written motion by the defendants, requesting the Court to direct a verdict for the defendants.' '6. The verdict of the jury is not sustained by sufficient evidence.' '7. There is no evidence to support said jury verdict.' '8. The verdict of the jury is contrary to law.' Appellants' assignment of error No. 3 and Causes No. 4, 5, 6, 7 and 8 of Assignment of Error No. 8 will be discussed under Proposition III (Assignment of Error No. 8 being hereinafter also treated under other propositions)."

It will be noted that the above quotation from appellants' brief involves two different propositions, to wit: 1. A question as to the sufficiency of a pleading —the second amended complaint; 2. The question as to the sufficiency of the evidence to sustain the allegations of the second amended complaint. Both propositions are so commingled in the points and authorities on pages 108 to 122, inclusive, of appellants' brief that we are unable to differentiate and determine the specific points and authorities intended to be in support of the alleged error in the ruling of the court in overruling the demurrer to the second amended complaint.

Rule 2-17 (f) of the Revised Rules of the Supreme Court provides in part: "The briefs shall contain under the heading, 'Propositions, Points and Authorities,' a copy of each assigned error relied on, designated by number as in the original assignment of error, and in case the error assigned is the overruling of the motion

for a new trial, then the causes relied upon shall be numbered as in the motion. Each assignment shall be supported by separately numbered propositions, concisely stating the basis of the objection to the ruling complained of. Each proposition shall be supported by separately numbered or lettered points or statements of rules of law applicable thereto, with citation of authorities in support thereof. *Assigned error which is not set out in this part of the brief and supported by propositions, points and authorities, will not be considered."* (Our emphasis.)

Therefore, we hold under the requirement of said Rule 2-17, *supra,* that appellants have waived any question as to any alleged error in the overruling of the demurrer to the second amended complaint. *Pilgrim* v. *Pilgrim* (1947), 118 Ind. App. 6, 75 N. E. 2d 159.

Under Proposition IV in their brief (assignment of error No. 4) appellants assert that the trial court erred in sustaining the demurrer to appellants' second paragraph of answer. Appellants' second paragraph of answer is set forth on pages 27 to 37 of their brief, but nowhere in the brief is there a copy of appellee's demurrer to said second paragraph of answer or the memorandum attached thereto or a statement of the substance of said demurrer and memorandum. Under the requirements of Rule 2-17 (e) appellants' brief must contain a concise statement of so much of the record as fully presents every error and exception relied upon.

The rules of the Supreme Court have the effect of law, binding upon the court and litigant alike, and must be enforced. *Franklin* v. *Lee* (1902), 30 Ind. App. 31, 62 N. E. 78; *Iterman* v. *Baker,* (1938), 214 Ind. 308, 15 N. E. 2d 365; *Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3; *Thompson* v.

*C. C. C. & St. L. Rwy. Co.* (1937), 105 Ind. App. 97, 11 N. E. 2d 81.

For the reasons stated, no question is presented for our consideration by said assignment of error No. 4.

What has been said with reference to assignment No. 4 applies with equal force to assignments of error Nos. 5 and 6 under Proposition V of appellants' brief. By these assignments of error appellants assert that the court erred in striking out the cross-complaint and also in striking out their answer of set-off, but nowhere in their brief do we find a copy of the cross-complaint and answer of set-off, and under Clause (e) of Rule 2-17, *supra,* no question is presented for our consideration by said assignments of error Nos. 5 and 6.

The last error assigned requiring our consideration is the alleged error in overruling appellants' motion for a new trial.

The first specification in the motion for a new trial alleged "That court erred in refusing to vacate the appointment of Claude V. Barker, Special Judge, and to certify this cause to the Supreme Court for appointment of a special judge to hear said cause." The same ruling is also assigned independently as error in assignment of error No. 2. The error, if any, is properly presented for review upon appeal by being assigned as a specification of the motion for a new trial and not as an independent error. *Goodrich* v. *Stangland* (1900), 155 Ind. 279, 284, 58 N. E. 148; *Burns* v. *State* (1922), 192 Ind. 427, 430, 136 N. E. 857.

It appears from the record that on October 20, 1944, while the cause was pending in the Noble Circuit Court, the appellants filed a motion and affidavit for a change of venue from the regular judge of said court, which motion was sustained and a special judge was duly

appointed, as required by statute. Thereafter, on January 9, 1946, the attorneys for the plaintiff filed a written motion showing that the special judge theretofore selected had failed to qualify and requested that a new special judge be selected to serve in said cause. Thereupon the regular judge of said court proceeded to submit a list of three names from which the parties could strike and select a new special judge. Defendants (appellants herein) failed to strike a name from the list so submitted and the court proceeded to appoint Hon. Claude V. Barker, a practicing attorney of the Noble County Bar as special judge, who qualified and assumed the jurisdiction as special judge in said cause. Thereafter, on March 26, 1946, the defendants filed written objections to said special judge acting as special judge, which objections were overruled. Thereafter, on June 5, 1946, the defendants filed their verified motion for a change of venue from the county, which motion was granted and the venue of said cause was changed to DeKalb County, and the transcript was filed in the DeKalb Circuit Court on June 11, 1946. The issues in said cause were completed in the DeKalb Circuit Court and on December 2, 1946, the plaintiff (appellee Milo Powers) filed his verified motion for a change of venue from DeKalb County, which motion was granted and the venue of said cause was changed to the LaGrange Circuit Court, where the cause was thereafter tried before the regular judge of said court.

In view of this record and the fact that appellants themselves divested the special judge, Claude V. Barker, of any and all further jurisdiction in said cause by filing and obtaining change of venue from the Noble Circuit Court to the DeKalb Circuit Court as effectively as if their written objection to his appointment as the special judge had been sustained,

we must hold that the error, if any, in overruling the objection to his appointment was rendered harmless by the subsequent changes of venue from the county. *Burns* v. *State, supra,* on page 431.

Appellants contend that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, for the reason that there was no proof of execution of the attachment bond sued upon in the second amended complaint and that the original bond was not offered in evidence and no proof was made to justify the introduction of a copy of said bond. It is the law as asserted by appellants that the attachment bond sued upon in the second amended complaint is the foundation of appellee's action and that it would ordinarily be necessary for the plaintiff to introduce in evidence the original bond, or a copy thereof, to establish the allegations of the complaint. *Merrifield* v. *Weston* (1879), 68 Ind. 70, 74; *Cress* v. *Hook* (1880), 73 Ind. 177, 178; *Winship* v. *Clendenning* (1865), 24 Ind. 439, 442; *Boden* v. *Dill* (1877), 58 Ind. 273, 277; *Killian* v. *State ex rel. Spayd* (1895), 15 Ind. App. 261, 267, 43 N. E. 955.

The issues joined in this cause consisted of the second amended complaint and appellants' answer in denial, as provided by Rule 1-3, *supra.* No verified answer of *non est factum,* denying the execution of the attachment bond, was filed. It is well settled that in an action upon a bond where the issue is joined by an answer in general denial and no answer of *non est factum* is filed, the bond may be given in evidence without proof of its execution. *Boden* v. *Dill, supra,* on page 277.

To establish the allegations of the second amended complaint, the plaintiff offered and introduced in evidence his exhibit No. 1, which was a duly certified

transcript of the proceedings and record in the cause of "Anna Fetter and Estate of Archy Campbell, doing business as Campbell and Fetter, Bankers, v. Milo Powers and Addie Powers," before LeRoy Starmer, Justice of the Peace in and for Wayne Township, Noble County, Indiana. This transcript was admitted in evidence without any objections made thereto by the appellants. Said transcript showed the filing on August 21, 1942, of a complaint upon a note; that at the same time the plaintiffs filed their affidavit and bond for attachment, alleging as grounds for the issuance of a writ of attachment that the defendant, Milo Powers, was a non-resident of Indiana and a resident of the state of Michigan; a copy of the bond is set forth in the transcript and is in legal form as required by statute; the approval of the attachment bond by the Justice of the Peace is shown; the issuance of a writ of attachment and also a summons, returnable August 26, 1942; the delivery of the writ of attachment to Lester Workman, as special constable, to be served; that the writ of attachment was returned as served "by reading the same to Milo Powers, and by levying on and taking possession of one brown (bay) male race horse named Hal C. . . . the property of Milo Powers"; an inventory and appraisement of the personal property attached as made by the special constable and a disinterested householder was attached to and made a part of the return endorsed on the writ of attachment; the rendering of a default judgment against Milo Powers on August 26, 1942; that a part of said judgment ordered the property attached to be sold as other personal property is sold on execution; that on August 27, 1942, said Justice of the Peace issued and delivered to said special constable an order of sale directing and commanding said special con-

stable to sell said personal property attached under the writ of attachment. issued in said action, *viz:* one brown race horse named Hal C. and other property.

If a fact in issue is established by competent and relevant evidence, it matters not which party introduces the evidence or for what other purpose the evidence was offered. *Inland Steel Company v. Ilko* (1913), 181 Ind. 72, 78, 103 N. E. 7; *Wilson, Admx. v. Rollings* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905.

Also it is settled law that a fact may be established by incompetent evidence, if relevant and material, where it is admitted without objection. *Pooley v. State* (1945), 116 Ind. App. 199, 205, 62 N. E. 2d 484; *Metropolitan Life Ins. Co. v. Lyons* (1912), 50 Ind. App. 534, 98 N. E. 824; *Western & Southern Life Ins. Co. v. Lottes* (1946), 116 Ind. App. 559, 574, 64 N. E. 2d 405; *Pittsburgh, etc., R. Co. v. Knox* (1912), 177 Ind. 344, 354, 98 N. E. 295; *Graves v. State* (1889), 121 Ind. 357, 358, 23 N. E. 155.

The question as to the admissibility and sufficiency of said transcript to prove the attachment bond without producing the original bond as against a timely and proper objection is not before us and is a matter that we are not required to consider and do not decide in this opinion. The evidence as contained in the transcript is sufficient to prove the attachment bond.

Appellants next contend that there is no liability upon the attachment bond in this action for the reason that in the action filed by Milo Powers in the Noble Circuit Court to vacate and set aside the default judgment rendered against him by the Justice of the Peace on August 26, 1942, the Noble Circuit Court found that the entire proceedings in the

attachment action before the Justice of the Peace were null and void and that no levy was made under the writ of attachment, citing *Trentman* v. *Wiley* (1882), 85 Ind. 33; *Faulkner* v. *Brigel* (1884), 101 Ind. 329; *Barnett* v. *Lucas* (1901), 27 Ind. App. 441, 61 N. E. 683.

We cannot agree with appellants' contention that the record in the action to vacate the default judgment is conclusive upon the fact that no levy was made under the writ of attachment and that the evidence in the instant case fails to establish the necessary fact that such a levy was made. The record contains evidence sufficient to establish that on and for years prior to August, 1942, Milo Powers was a *bona fide* resident of Milford Township, LaGrange County, Indiana, which township adjoins the county line between LaGrange and Noble Counties; that Milo Powers owned and raced a horse named Hal C.; that on August 21, 1942, said Milo Powers had said horse in his possession in Wayne Township, Noble County, Indiana, when the writ of attachment was issued and it was served by the special constable as shown by the return endorsed upon said writ of attachment. For some reason, not disclosed by the evidence, Milo Powers was permitted to and did keep the race horse, Hal C., in his possession and removed him from Noble County to the state of Michigan where he was raced during the late summer and fall of 1942, and then returned to the home of Milo Powers in Milford Township, LaGrange County, where he was kept in Powers' possession until some time in February, 1943, when the special constable who had the order of sale issued by the Justice of the Peace under the attachment proceedings, proceeded to the home of Milo Powers, took possession of the race horse and removed him to Wayne

Township, Noble County, and placed him in a boarding stable pending the sale. While quartered in said stable the horse was injured and thereafter he was worthless as a race horse. There is evidence that at the time the special constable placed the race horse in the boarding stable the horse was reasonably worth the sum of $2000 and after the injuries and being returned to the possession of Milo Powers in April, 1943, said race horse was not worth to exceed the sum of $50.

The horse was returned to the possession of Milo Powers after the Noble Circuit Court vacated the default judgment returned by the Justices of the Peace and declared all of the attachment proceedings null and void and enjoined the sale of said race horse.

The foregoing facts, together with all reasonable inferences to be drawn therefrom, are sufficient to establish liability upon the attachment bond and to sustain the verdict of the jury and the court did not err in overruling appellants' motion for a directed verdict.

Appellants allege error in the giving to the jury of instruction No. 8, given upon the court's own motion. Appellants' brief fails to set forth the specific objections made to said instruction No. 8, as required by Rule 1-7, and for this reason the error, if any, in said instruction is waived.

Appellants also allege error in the refusal of the court to give certain written instructions. We have examined the requested instructions and are unable to find any error in the refusal of the court to give said requested instructions in the form in which they were submitted. It is not error to refuse tendered instructions unless it is the duty of the court to give the instructions precisely as tendered; there is no duty resting upon the court to rewrite, modify, or change a requested instruction. *Pittsburgh,*

*etc., R. Co.* v. *Farmers Trust, etc., Co.* (1915), 183 Ind. 287, 295, 108 N. E. 108; *Chicago, etc., R. Co.* v. *Pritchard* (1906), 168 Ind. 398, 419, 79 N. E. 508; *Knapp* v. *State* (1907) 168 Ind. 153, 161, 79 N. E. 1076.

From our examination of the record in this cause, we are convinced that the merits of the cause have been fairly tried and determined in the trial court and that the substantial rights of the appellants have not been prejudicially affected by any error in the proceedings, and under the provisions of § 2-1071, Burns' 1946 Replacement, the judgment must be and is hereby affirmed.

NOTE.—Reported in 78 N. E. 2d 555.